SALOMON et al. v. GARVIN MACH. CO.

(Circuit Court, S. D. New York. December 27, 1897.)

1. PATENTS—NOVELTY AND INFRINGEMENT—FRICTION CLUTCHES.

The Salomon patent, No. 354,242, for improvements in friction clutches, consisting in the combination, with the shaft and pulley, of the hub mounted on the shaft, a double expansion ring connected with the hub, and means for expanding the ring against the interior of the pulley, shows patentable novelty as to the first claim, the novel feature of which is the double expansion ring: and the claim is infringed by a device cast in one piece, with curved arms in place of the interior ring, and which perform all the functions thereof, and are a mechanical equivalent.

2. SAME—CONSTRUCTION OF CLAIM.

Patents should not be defeated on the construction of a single immaterial and inartistic word used in the claim, and hence the use of the word

"ring" will not confine the claim to that precise device when other words, such as "curved arms," or "annular support," might have been used with equal propriety to describe the actual invention.

This was a suit in equity by Etienne Salomon and George Schrade against the Garvin Machine Company for alleged infringement of a patent for improvements in friction clutches.

A. Bell Malcomson, for complainants.

C. Godfrey Patterson, for defendant.

COXE, District Judge.    This is an equity suit for the infringement of letters patent, No. 354,242, granted to Etienne Salomon, December 14, 1886, for improvements in friction clutches.    The object of the invention was to produce a friction clutch which is simple, cheap, durable and certain in operation.    It consists of a cast double expansion ring and hub screwed on the power shaft by set screws.    Openings are cut in the outer ring to allow of its expansion by means of levers set loosely in one opening and operated by forks formed on a sliding sleeve.    By tightening these levers the inner ring becomes a spring and brings the outside rim of the clutch in contact with the pulley at all points.

The first claim is the only one involved.

"(1) In a friction clutch, the combination, with a sliding shaft and pulley, of a hub mounted on said shaft, a double expansion ring connected with said hub, and means for expanding said ring against the interior of the pulley, substantially as and for the purposes set forth."

The defenses are lack of novelty and invention and noninfringement.

The elements of the claim are first, a shaft and pulley; second, a hub mounted on the shaft; third, a double expansion ring connected with the hub, and, fourth, means for expanding said ring against the interior of the pulley.    Of these the novel feature will be found to reside in the third element of the combination, namely, the double expansion ring connected with the hub.    This element was new with Salomon.    None of the references offered in evidence shows such a construction, or anything which can be deemed an equivalent.    A number of patents were introduced in evidence, but they failed to anticipate or limit the patent in this essential particular.    The complainants' position in this regard cannot be better stated than by quoting the language of their expert, Mr. Henry Connett, who has added to the perspicuity of his statement the unusual and doubly welcome charm of brevity.    He says:

"There is no suggestion in any of these prior patents of the invention of Salomon set forth in patent 354,242.    The invention of Salomon as set forth in complainants' patent was a new departure from the old styles of friction clutch, which consisted in splitting a single tire or ring in one or more places and expanding or contracting it.    Salomon's device added an inner ring, to act as a compensating element, and equally distribute the expansion of the outer or friction ring around its circumference.    This element does not appear in any one of the patents referred to in the question and this element is specifically claimed in the first claim of complainants' patent."

The defendant's device is cast in one piece with curved arms in place of the interior ring of the patent.    These arms are not con-

centric with the outer ring, but the proof is persuasive that they accomplish all the functions attributed to the complainants' ring.   It is undisputed that the patentee, who was employed by the defendant company, exhibited his patent to the president of the company in the hope that the company would manufacture under it; that the patent remained in the possession of the president for some time and that it was after this occurrence that the clutch now complained of by the complainants made its appearance upon the market.    In the catalogue issued by the defendant in July, 1893, this device is described as follows:

"The friction ring has no direct connection with the hub, this connection being by two curved arms extending as far as possible to the opposite side of the hub, allowing the ring to fill in all directions."

Thus it will be seen that before this action was commenced the defendant company attributed to the new device the same advantages and mode of operation which are found in the complainants' clutch due to the essential and novel feature of the combination in question.    It is true that the curved arms of the defendant's clutch are not, strictly speaking, a ring, but that they are the equivalent of a ring and perform the same office as the ring of the patent, cannot be doubted.    The language of the specification leaves no question as to the meaning the patentee intended to convey.    Although patents are sometimes defeated upon the construction of a single immaterial and inartistic word, they ought not to be.    There was nothing in the prior art requiring the patentee to limit his interior device to the precise form of a ring.    He might have used the words "curved arms," or "annular support" with equal propriety.    The defendant, if it uses the combination, cannot avoid infringement on the narrow pretext that the essential element is not in the precise form shown in the specification.    It is hardly disputed that the defendant's arms have the qualities of a spring, but it is argued that its spring operates only as a buffer and not to diffuse expansion to all parts of the outer ring.    It is thought that this contention, assuming it to be material, is not supported by the proof.    It is at variance with the defendant's own declaration.    The defendant's device, though differing in appearance and in some minor details, embodies all the elements of the patented combination or exact equivalents therefor and is an infringement of the claim in question.    The complainant is entitled to the usual decree.